IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES EARL GEORGE, HY-4593, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | 2:14-cv-408 |
| | ) | |
| NANCY A. GIROUX, et al., | ) | |
|     Respondents. | ) | |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of James Earl George for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

James Earl George, an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus. George is presently serving a three hundred to six hundred month sentence imposed following his convictions by separate juries in the Court of Common Pleas of Butler County, Pennsylvania, of involuntary deviate sexual intercourse and unlawful restraint at No.CR-0330-2007, and a concurrent sentence at Cr-605-2008 following his conviction of aggravated assault, simple assault, and resisting arrest. These sentences were imposed on February 27, 2009.[1]

A consolidated appeal to the Superior Court ensued and relief was denied on September 3, 2010.[2] Leave to appeal to the Pennsylvania Supreme Court was sought and denied on October 17, 2011.[3]

On April 11, 2011, a post-conviction petition was filed.[4] On October 2, 2012, the post-conviction court filed a memorandum demonstrating its intention to dismiss the petition and

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Exhibit B to the petition.
[3] See: Exhibit D to the petition.
[4] See: Exhibit D to the petition at p.11.

1

granting the petitioner twenty days to respond. On November 8, 2012, the court entered an order stating:

> [T]he court provided the def. with notice of our intention to dismiss his petitions under the Post Conviction Relief Act without a hearing, following our review of a no-merit letter and petition to withdraw filed by Attorney Capozzi. The Court provided the def. with twenty days in which to file a response to our proposed dismissal. That Order informed the def. that a failure to respond would result in the dismissal of his petitions. On October 12, 2012, the def. filed a Notice of Appeal and a motion to which he requested the appointment of counsel. By Order of Court dated: October 16, 2012, the Court notes that the def. was not appealing from a final order and set forth that dismissal of his petitions under the Post Conviction Relief Act would await expiration of the period of the def. was given to respond to the Court's proposed dismissal. The period for filing a response to the Court's proposed dismissal of the def.'s Petitions under the Post Conviction Relief Act has passed and the def. has not responded. Thus, it is ordered that the def.'s Petitions under the Post Conviction Relief Act are hereby Dismissed. For the reason set forth in the October 1, 2012 Memorandum Opinion, the def.'s petitions are meritless and no purpose would be served by further proceedings. As the def. filed a Notice of Appeal that was returned by the Superior Court to the Clerk of Courts, the Clerk of Courts is directed to transmit the above records to the Superior Court… (sic.).[5]

On June 5, 2013 the denial of post-conviction relief was affirmed.[6] On September 9, 2013, George filed a petition for leave to file a petition for allowance of appeal nunc pro tunc and that requested was denied on January 16, 2014.[7] The instant petition was executed on March 12, 2014 and received in this Court on March 27, 2014.

The background to these prosecutions is set forth in the Superior Court's September 3, 2010 Memorandum:

> On December 8, 2006, the victim, then a minor, went to George's residence to visit friends who were staying with him. Upon arrival, George greeted the victim and informed her that no one else was present at the residence. George asked the victim if she would assist him with his home computer, to which the victim complied. Shortly after, while the victim worked on George's computer, George pulled out a pellet or BB gun from under a couch cushion and pointed it at her. George, then attempted, unsuccessfully, to force the victim to take several pills. He then grabbed the victim's throat, pushed her to the floor and forcibly raped her.

---

[5] See: Exhibit D to the petition at pp. 11, 14.
[6] See: 1817 WDA 2012. In the future it would be most helpful if the respondents would comply with the requirements of proper responses to § 2254 petitions and provide the necessary record submissions rather than require to Court to locate them.
[7] See: 78 WM 2013.

Eventually, George allowed the victim to leave his residence and the victim ran home. The victim and her mother contacted the Butler City Police Department and reported the sexual assault. Police arrested George later that night. George was charged with two counts of rape, one count each of involuntary deviate sexual intercourse, sexual assault, and unlawful restraint.

On November 26, 2007, while imprisoned and awaiting trial on the above charges, Correctional Officer ("CO") Lance Neigh met with George at his cell to try to calm him down, as George was demanding a private cell. CO Neigh informed George that such an arrangement was not possible. George became irate and threatened to hurt someone if he wasn't given a private cell. After several minutes of trying to calm George down, Captain Len Gamble ordered in an extraction team (consisting of five CO's) to remove George from his cell. George injured several officers during the extraction. CO Matthew Salopek was most seriously injured, receiving an injury to his wrist, which required medical attention, and resulted in extended time off work. George was charged with three counts of aggravated assault, two counts of simple assault, and one count of resisting [] arrest (record and statutory references omitted).[8]

Petitioner now comes before this Court seeking habeas corpus relief, and in support thereof alleges:

Trial and appellate counsel were ineffective for failing to raise petitioner's speedy trial claim under Pa.R.Crim.P. 600 which resulted in his incarceration for twenty-six month from the time of his arrest to sentencing.

It is provided in 28 U.S.C. §2254(a) that:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.[9]

In its June 5, 2013 Memorandum affirming the denial of post-conviction relief the Superior Court observed that George was attempting to raise issues which should have been raised in his direct appeal, and because he failed to do so those issues were deemed waived. The Court also noted that petitioner alleged, without any support, that trial counsel was ineffective for failing to object to photographs entered into evidence by the

---

[8] See: Exhibit B to the petition at pp.3-4.
[9] The Commonwealth concedes both that petitioner his exhausted his state court remedies on this issue, 28 U.S.C. §2254(b), and that his petition here is timely, 28 U.S.C. § 2244 (d). See: Answer at p.5.

3

prosecution. This was the extent of the ineffective assistance of counsel claim raised in George's post-conviction appeal.[10]

In the present petition, George claims that counsel was ineffective for failing to raise the speedy trial issue under Pennsylvania R.Cr.P. 600. Since it appears that the Commonwealth has waived any possible exhaustion issue, it will be reviewed here.

This issue was raise in petitioner's direct appeal to the Superior Court which observed:

> Rule 600(E) provides that no defendant shall be held in pre-trial incarceration on a given case for a period exceeding 180 days … This Court, however, has recognized that Article I, Section 14 of the Pennsylvania Constitution supersedes the Pennsylvania Rules of Criminal Procedure, including the nominal bail provision of Pa.R.Crim.P. 600 …Thus,
>
> All prisoners shall be bailable by sufficient surities … *unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great*. PA.CONST. art.I, § 14 (emphasis added).[11]

The Court then concluded that the findings of the trial court regarding the serious nature of the offenses charged, petitioner's criminal history, and his failure to comply with the prescribed treatment for his mental illness supported the fact that the preference for bail under Rule 600 was inapplicable.[12]

The claim of a denial of a speedy trial under Rule 600, was raised as a matter of state law, and decided as such. As a result there is no basis for review by this Court. <u>Swarthout v. Cooke</u>, 131 S.Ct. 859 (2011). However, in an apparent effort to raise a federal issue, the petitioner has cloaked this claim as one of ineffective assistance of counsel.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective

---

[10] See: Superior Court Memorandum filed on June 5, 2013 which is is available on the Pennsylvania Unified Judicial website. Under Pennsylvania law a claim of ineffective assistance of trial counsel is raised in a post-conviction petition. <u>Com. v. Bozic</u>, 997 A.2d 1211 (Pa. Super), leave to appeal denied 608 Pa. 659 (2010), cert. denied 131 S.Ct. 2939 (2011).
[11] See: Exhibit B to the petition at pp. 5-6.
[12] Id. at p.6. We also observe that under Rule 600, the relief that may be granted is not the dismissal of the pending charges but rather release on nominal bail.

4

standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

Petitioner now alleges that counsel was ineffective for failing to raise an issue of state law, i.e. whether Pa. Rule 600 was violated. This issue was determined adversely to him on direct appeal, but not as one alleging ineffective assistance of counsel. As a result the ineffectiveness claim was procedurally defaulted in state court, Coleman v. Thompson, 501 U.S. 722,750 (1991), and does not provide a basis for relief here. Additionally, counsel cannot be deemed to have been ineffective for failing to raise a meritless claim. Real v. Shannon, 600 F.3d 302 (3d Cir. 2010). Thus, for either reason or both there is no merit to the petition here.

Nevertheless, even if one assumes that the issue is properly before this Court, the conclusion is inescapable that it is meritless. In Barker v. Wingo, 407 U.S. 514 (1972) the Court identified the factors to be considered when reviewing a speedy trial claim, and they include the length of the delay, the reason for the delay, the assertion of his rights by the defendant and possible prejudice to the defendant as a result of the delay. The petitioner was arrested on the initial charges on December 8, 2006, shortly after the incident; the preliminary hearing was continued from December 8, 2006 to February 12, 2007 at the petitioner's request (Ex. 1 to the answer at p.14); a criminal complaint was filed on February 14, 2007 (Id. at p.10) and a criminal information was filed on March 27, 2007 (Id. at p.12); trial was set to commence on March 14, 2007 (Id. at p.12); at petitioner's request a continuance was granted to July 11, 2007 (Id. at p.14); on July 26, 2007, petitioner filed a Rule 600 motion (Id. at p.13); on August 6, 2007, the Commonwealth moved for a continuance (Id. at p.14); on August 7, 2007 defense counsel

5

moved to withdraw and on August 8, 2007 new counsel was appointed and the trial was continued to September 17, 2007 (Id. at p.14); on October 4, 2007 the Commonwealth again moved for a continuance and trial was rescheduled to November 5, 2007 (Id. at pp.14, 15); on November 5, 2007, the Commonwealth again moved for a continuance and trial was rescheduled to February 19, 2008 (Id. at p. 16); with the pendency of a psychiatric examination, trial was again rescheduled to March 17, 2008 (Id. at p.17); petitioner then again moved to change counsel and trial was rescheduled to May 7, 2008 (Id. at p. 18); following the submission of petitioner's motion for a continuance, trial was moved to July 21, 2008 (Id. at pp. 19,20); trial was then continued several times and ultimately defense counsel moved to withdraw on October 8, 2008 (Id. at p.21); finally trial commenced on November 13, 2008 and sentencing was scheduled for December 12, 2008 (Id. at pp.22, 23); at that time the court determined that the petitioner should be evaluated by the Sexual Offender Assessment Board and sentence was not imposed until February 27, 2009, over two years after the petitioner's apprehension (Id. at pp. 23,24).

The record reveals that while a delay of over two years occurred, a considerable portion of the delay is attributable to the petitioner as a result of filing of motions, conflicts with defense counsel and the need for a psychiatric and sexual predator evaluation. While the petitioner did raise the delay issue which if successful could have resulted in his release on bail pending trial, there is no demonstration that any prejudice accrued to the petitioner as a result of the delay. In addition, trial counsel twice unsuccessfully raised the state speedy trial issue and for these reasons counsel cannot be deemed ineffective under federal standards.

Because the speedy trial issue was never raised as a federal issue it is procedurally defaulted here, and because counsel cannot be deemed to have been ineffective under federal standards, the petitioner has failed to demonstrate that his conviction was secured in any manner contrary to federal law as determined by the Supreme Court nor involved an improper application of this law, he is not entitled to relief.

Accordingly, for the reasons set forth above, it is recommended that the petition of James Earl George for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to

United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,<br>s/ Robert C. Mitchell

Filed: July 2, 2014                                         United States Magistrate Judge